FILED
United States Court of Appeals
Tenth Circuit

December 2, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

      No. 10-1200

DENNIS ENRIQUEZ LOPEZ-AVILA,

      Defendant-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D. C. NO. 1:09-CR-00456-WYD-1)**

Barry A. Schwartz, Assistant Federal Public Defender, (Raymond P. Moore, Federal Public Defender, with him on the brief), Denver, Colorado, for the Appellant.

Hayley E. Reynolds, Assistant United States Attorney, (John F. Walsh, United States Attorney, with her on the brief) Denver, Colorado, for the Appellee.

Before **HARTZ, HOLLOWAY** and **O'BRIEN**, Circuit Judges.

**HOLLOWAY**, Circuit Judge.

      Defendant-appellant Dennis Enriquez Lopez-Avila (Lopez) was charged with unlawful re-entry after deportation following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) & (b)(2). Mr. Lopez entered a guilty plea after reaching an

agreement with the prosecution. The district court rejected Mr. Lopez's request for a sentence below that calculated under the advisory guidelines and sentenced him to thirty-seven months' imprisonment. Mr. Lopez now appeals. This court's jurisdiction is based on 28 U.S.C. § 1291.

## I

Mr. Lopez is a native and citizen of Honduras. He had been deported from this country in 2006 and again in 2007. He returned to the United States unlawfully in April 2009 and was arrested on July 31, 2009, on a complaint of domestic violence. That arrest led to the current charge of illegal re-entry.

After Mr. Lopez had entered his guilty plea, the probation office prepared a presentence report (PSR). Because he had five prior convictions that resulted in six criminal history points, Mr. Lopez was in criminal history category IV. His offense level was 17, and the resulting advisory guidelines sentence was for 37-46 months' imprisonment.

Neither party objected to the PSR. Prior to the sentencing hearing, however, counsel for Mr. Lopez filed a "Motion for Non-Guideline Statutory Sentence Due to Disparity Caused by Fast-Track Programs and Pursuant to 18 U.S.C. § 3553(a)." Mr. Lopez moved for a downward variance on the basis that the average sentence in immigration cases was 22.6 months and asked the court to take into account disparities in sentences for persons convicted of the same crime, disparities which result from the fact that some, but not all, jurisdictions have a "fast-track" program. A fast-track program is

not available in the District of Colorado.

The district court denied Mr. Lopez's request for a downward variance and imposed a sentence at the bottom of the guidelines range at 37 months of imprisonment. Mr. Lopez now appeals, contending that his sentence was procedurally unreasonable because the district court erroneously concluded that it could not consider the disparities created by the existence of fast-track programs when determining his sentence.

## II

We first consider the proper scope of our review. The government contends that this court should review the district court's sentencing procedure only for plain error because counsel for Mr. Lopez did not renew his argument for a downward variance after the judge had pronounced sentence. We are not persuaded. It is quite apparent from the record that the issue was properly raised prior to the sentencing hearing, the judge was familiar with the argument, and the argument was addressed by the judge. This was certainly sufficient to preserve the issue for appellate review.

The government, however, contends that a different rule applies to procedural challenges to criminal sentences, a rule which inflexibly requires a defendant to raise the issue anew after the court has pronounced sentence. The circumstances of this case show clearly that where, as here, the issue has been raised and ruled upon before pronouncement of sentence, this proposed rule would require defense counsel to perform a superfluous and futile gesture and would take the time of the district courts for this

meaningless charade. But the government does not assert that there would be any point to this hollow ritual; instead, the government merely insists that the ritual is required under *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007). We disagree with the government's reading of that precedent. In *Romero*, the defendant-appellant contended that the sentencing judge had failed to adequately explain the reasons for the sentence. The first issue addressed on appeal, and the only one relevant to the current matter, was "the correct standard of review for *an unpreserved* procedural objection to the district court's *failure to properly explain a sentence* under 18 U.S.C. §§ 3553(a) and (c)." 491 F.3d at 1176 (emphasis added).

As the emphasized language clearly shows, *Romero* did not involve, and had nothing to say about, circumstances like those of the present case, in which the appellant *did* make his objections in the district court. *Romero* noted the benefits of requiring objections to be raised in the district court, of which the primary one is that a timely objection in the district court "can alert the district court and opposing counsel, so that a potential error can be corrected, obviating any need for an appeal." *Id.* (quoting *United States v. Lopez-Flores*, 444 F.3d 1218, 1221 (10th Cir. 2006)).

The *Romero* court, however, concluded its discussion of the standard of review by stating that "because Romero did not object on procedural grounds . . . after the district court imposed his sentence, he has forfeited his right to appeal this issue and our review is only for plain error." *Id*. at 1178. The government points to this final statement of the

*Romero* holding to insist that *all* objections to sentencing procedure must be reiterated after pronouncement of the sentence, no matter how clearly those objections may have been presented to the district court. By logical extension, the government's reading of *Romero* necessarily would mean that in all criminal cases, all procedural objections to the sentence must be reiterated after pronouncement of the sentence, even if those objections were thoroughly presented to the district court. And this would be so only because the *Romero* court, in its final statement of its holding, said that Mr. Romero's issue would be reviewed only for plain error because he did not object after pronouncement of the sentence, the *only* time that *his* issue *could* have been raised in the district court.

We conclude that the government's proposed reading of *Romero* is wrong and that *Romero*'s holding regarding plain error review applies only to alleged procedural errors at sentencing that were not properly raised in the district court. We therefore review this appeal under the standards we ordinarily apply to claims of procedural sentencing errors. Our overall standard of review is abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We review factual findings for clear error and legal determinations *de novo*. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). Here, Mr. Lopez contends that the sentencing judge made an error of law and so presents an issue that we consider *de novo*. An error of law is per se an abuse of discretion. *See Koon v. United States*, 518 U.S. 81, 100 (1996).

The primary issue raised by Mr. Lopez has now been resolved in this circuit. In

*United States v. Lopez-Macias*, __ F.3d __, 2011 WL 5310622 (10th Cir. 2011), we held that "where the circumstances warrant, a district court in a non-fast-track district has the discretion to vary from a defendant's applicable guideline range based on fast-track sentence disparities . . . ." *Id.* at *5.

We also held, however, that "a 'generalized argument' in which a defendant simply points to the disparity created by fast-track programs 'is alone not sufficient to justify such a variance.'" *Id*. at *7 (quoting *United States v. Arrelucia-Zamudio*, 581 F.3d 142, 156 (3d Cir. 2009)). In the instant case, as in *Lopez-Macias*, Mr. Lopez presented only such a "generalized argument," and the government has raised this point in response to Mr. Lopez's argument. Therefore, we must reject Mr. Lopez's claim of error in the district court's decision, notwithstanding the fact that the larger point raised by Mr. Lopez has now been accepted in this circuit.

Accordingly, the sentence imposed by the district court is AFFIRMED.