**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 14, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DURELL JONES,

Defendant - Appellant.

No. 15-3166
(D.C. No. 2:07-CR-20064-KHV-JPO-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH,** Chief Judge**, BRISCOE** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Durell Jones appeals from the sentence imposed after his supervised release

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was revoked. He argues that (1) the district court procedurally and substantively erred by imposing his revocation sentence consecutive to, rather than concurrent with, his state prison sentence arising from the same offenses as his revocation, and (2) the district court's imposition of a ten-year additional term of supervised release was substantively unreasonable. Exercising jurisdiction under 18 U.S.C. § 3724(a) and 28 U.S.C. § 1291, we affirm.

## I

Jones was serving a four-year term of supervised release when he committed several state crimes in Colorado, including armed robberies, assault, and leading law enforcement officers on a high-speed chase. For these new offenses, he was sentenced to approximately twenty-six years of imprisonment by the state court.

Prior to these crimes, Jones came before the district court on two occasions for minor violations of his supervised release, but his release was not revoked. After Jones's new state convictions, the federal district court held a hearing to determine whether to revoke Jones's supervised release and to determine his revocation sentence. Jones stipulated to the violations. The government argued for a consecutive sentence at the top of the range calculated using the United States Sentencing Guidelines, which was 24–30 months' imprisonment. Jones argued for a time-served sentence, or a sentence at the lower end of the Guidelines range, to be served concurrent to his state sentence.

The government argued that Jones's sentence should run consecutively

because a provision of the Guidelines states:

> Any term of imprisonment imposed upon the revocation of probation
> or supervised release shall be ordered to be served consecutively to
> any sentence of imprisonment that the defendant is serving, whether
> or not the sentence of imprisonment being served resulted from the
> conduct that is the basis of the revocation of probation or supervised
> release.

U.S.S.G. § 7B1.3(f). The government also highlighted the nature of Jones's

violations, characterizing them as "abscond[ing]" on a "violent crime spree."

ROA Vol. 2 at 11. It argued that Jones's violations were "the kind of violation

that is most severe," and that a consecutive sentence at the high end of the

Guidelines range was necessary.

Jones argued that, notwithstanding U.S.S.G. § 7B1.3(f), the court should

exercise its discretion under 18 U.S.C. § 3584, which states:

> [I]f a term of imprisonment is imposed on a defendant who is already
> subject to an undischarged term of imprisonment, the terms may run
> concurrently or consecutively . . . . Multiple terms of imprisonment
> imposed at different times run consecutively unless the court orders
> that the terms are to run concurrently. . . . The court, in determining
> whether the terms imposed are to be ordered to run concurrently or
> consecutively, shall consider . . . the factors set forth in [18 U.S.C. §]
> 3553(a).

18 U.S.C. § 3584(a) and (b). Jones further argued that a concurrent sentence was

more appropriate given the fact that he will be in his late fifties when discharged

from his state sentence, and that statistically, his risk of recidivism will be

relatively low.

-3-

After discussing Jones's arguments, the district court stated it "basically agree[d] with the government's position here, everything that [the government's attorney] just said." ROA Vol. 2 at 18–25. It found Jones's argument about his age unpersuasive because "the history and characteristics of the defendant by the time he's released . . . are impossible to imagine," and was instead persuaded by the government's argument that the court was "sentencing the person who is standing here now." Id. at 21, 24. It sentenced Jones to a consecutive thirty-month term of imprisonment and, despite the government not asking for it, ten years of additional supervised release. Jones does not challenge the length of the custodial sentence, but challenges its consecutive imposition and the length of his additional supervised release.

**II**

We review a district court's decision to impose a consecutive sentence rather than a concurrent one for an abuse of discretion. United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002). A district court abuses its discretion when it makes the legal error of applying the Guidelines as mandatory, rather than advisory. See Gall v. United States, 552 U.S. 38, 51 (2007) (describing the abuse-of-discretion review of sentences as including review for "significant procedural error, such as . . . treating the Guidelines as mandatory"); United States v. Lopez-Avila, 665 F.3d 1216, 1219 (10th Cir. 2011) ("An error of law is per se an abuse of discretion."). We will remand for resentencing only if the

-4-

procedural errors were not harmless.  United States v. Sanchez-Leon, 764 F.3d 1248, 1262 (10th Cir. 2014).  A district court may also abuse its discretion by imposing a substantively unreasonable sentence.  A sentence is unreasonable if it is "arbitrary, capricious, whimsical, or manifestly unreasonable" under the circumstances.  United States v. Damato, 672 F.3d 832, 838 (10th Cir. 2012) (quoting United States v. Lewis, 594 F.3d 1270, 1277 (10th Cir. 2010)).

*A.*     *Procedural and Substantive Reasonableness of Imposing Consecutive Sentence*

Jones first argues that the district court procedurally erred by treating U.S.S.G. § 7B1.3(f) as mandatory, and did not exercise its discretion under 18 U.S.C. § 3584.  The government agrees, as it must, that treating U.S.S.G. § 7B1.3(f) as mandatory rather than advisory constitutes procedural error.  See Gall, 552 U.S. at 51; United States v. Booker, 543 U.S. 220 (2005); United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1256 (10th Cir. 2006).  But the district court did not treat § 7B1.3(f) as mandatory here.  Instead, it exercised its discretion under 18 U.S.C. § 3584.  During the hearing, the court twice noted the "non-binding" nature of the Guidelines generally.  ROA Vol. 2 at 7, 18.  Its agreement with "everything the government just said" referred to a discussion that included not only § 7B1.3(f), but also the nature of Jones's violations, his personal characteristics, what types of rehabilitation will or will not be available to him, and Jones's arguments for a lower-end concurrent sentence.  The

discussion between the court and Jones's counsel demonstrates that the court was aware of its discretion and considered Jones's arguments regarding the 18 U.S.C. § 3553(a) factors on their merits. Further, the court stated that it could not "think of any logical reason or legal reason why this case would be required to run concurrently *or why it should run concurrently*," indicating it was exercising discretion rather than proceeding under a perceived mandate. Id. at 20 (emphasis added). Its rejection of Jones's arguments did not reflect any reliance on § 7B1.3(f) as mandatory. Therefore, the district court did not commit the procedural error Jones alleges.

In addition to procedural error, Jones argues that imposing his revocation imprisonment consecutive to his twenty-six-year Colorado sentence was substantively unreasonable. He argues that it serves no deterrent or public safety purpose because of Jones's "extreme age" at the time his revocation sentence will begin. Aplt. Br. at 6–7. This argument amounts to a generalized statement that individuals of a certain age should be immune from lengthy or consecutive incarceration. Jones does not support this argument with any authority, nor does he describe precisely how he, as an individual rather than a demographic, will be unlikely to recidivate. Nor does he tie this argument to the nature of his violations or his specific case. The district court saw this argument as basically asserting that Jones should not serve any additional time for his revocation because his state sentence was so long. See ROA Vol. 2 at 23. The court's

-6-

decision to impose a consecutive sentence, despite Jones's arguments for a concurrent sentence, was not an abuse of discretion.

B.    *Substantive Reasonableness of Imposing Additional Ten Years of Supervised Release*

Jones next argues that the district court was substantively unreasonable to impose an additional ten years of supervised release to follow a combined state and federal term of twenty-eight years of imprisonment. First, he argues that he will pose little to no risk of recidivism by the time his supervised release begins because of his age. But Jones's briefing provides no evidence of reduced recidivism rates other than counsel's unsupported statements at the revocation hearing. And, as with his argument regarding consecutive sentencing, Jones fails to relate the general recidivism rate of people in their late fifties to his individual characteristics or circumstances. Nor does Jones make an argument to overcome the serious nature of his violations. The district court reasonably concluded "that a longer term of supervised release is necessary in this case, given Jones's poor performance on supervised release earlier," and that he had "to go a ways further to show that [he is] prepared to be a law-abiding and productive citizen." ROA Vol. 2 at 27.

Second, Jones argues that a ten-year term of supervised release is

manifestly unreasonable because it sets him up to fail.[1]  We have previously

recognized that, in the abstract, the cycle of re-imposing supervised release after

revocation can result in a "spectre" of a "life of imprisonment" for supervisees.

United States v. Hernandez, 655 F.3d 1193, 1198 (10th Cir. 2011)

(acknowledging that "other defendants," although not the defendant in that case,

"face the real prospect of life in prison for revocation after revocation, all for

original convictions carrying relatively brief maximum prison terms").  Although

the length of supervised release imposed here is longer than most, it is not

singular or shocking in its length.  See e.g., United States v. Jones, 818 F.3d

1091, 1097 (10th Cir. 2016) (although not at issue, we noted that the defendant

had been sentenced to an additional ten years' supervised release after his release

was revoked for committing new crimes); United States v. Rausch, 638 F.3d

1296, 1302–03 (10th Cir. 2011) (district court did not plainly err in imposing, in

an initial sentence, a lifetime of supervised release in lieu of a lengthy prison

sentence).  Because Jones has failed to point to any circumstances which render

---

[1] Reasonableness is the only cap on supervised release in this case because the upper boundary provided for in 18 U.S.C. § 3583(h) does not apply here.  21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (setting a minimum, but no maximum term of supervised release for possession with intent to distribute more than five grams of cocaine base); 18 U.S.C. § 3583(h) (limiting additional terms of supervised release to "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release"); United States v. Hernandez, 655 F.3d 1193, 1198 (10th Cir. 2011).

his sentence unreasonable in this case, we conclude the district court did not abuse its discretion.

## III

The judgment of the district court is affirmed.


Entered for the Court


Mary Beck Briscoe
Circuit Judge