**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RODOLFO ANASTACIO VARGAS-
ORTEGA, a/k/a Rodolfo Anastacio
Vargas,

     Defendant - Appellant.

No. 17-1433
(D.C. No. 1:17-CR-00133-MSK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

     Mr. Rodolfo Anastacio Vargas-Ortega pleaded guilty to unlawful

reentry and possession of a firearm and ammunition by an alien who is

illegally in the United States. 8 U.S.C. § 1326(a); 18 U.S.C. § 922(g)(5).

Prior to sentencing, Mr. Vargas-Ortega filed a motion for a downward

variance, urging a sentence below the floor of the guideline range based on

his personal history and characteristics, including his family

circumstances. The district court denied the motion. The court could have

_____

[*]     This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But this order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied the motion based on an exercise of discretion. But the court didn't. Instead, the court reasoned that family circumstances were not a proper basis to grant a variance. This reasoning entailed a legal error on the scope of the court's authority, requiring us to reverse and remand for resentencing.

## I. Interpreting the District Court's Explanation

We must first interpret the district court's explanation for declining to vary downward. The government contends that the district court recognized that it could vary downward based on family circumstances but simply declined to do so. We disagree.

The district court stated:

> I do not consider his family circumstances, and I don't for several reasons. It's not because it isn't important to him. It's because it is not a factor or an objective under 18 U.S.C. Section 3553. Some defendants are fortunate to have loving families. Other defendants are not so fortunate. Some defendants who have loving families behave in ways that [are] destructive to their family members. Other defendants, such as this defendant, [have] behaved in a responsible fashion in taking care of his family. But the existence of his family and the importance of his family to him do not bear upon any of the sentencing objectives or sentencing factors. I think he's fortunate to have a loving family, and I'm hopeful that they will be able to work something out once he is relocated in Mexico.

R., vol. 3 at 73.

This language reflects the district court's understanding that family circumstances could not support a variance because they did not relate to

2

the statutory sentencing factors. This understanding is apparent in the court's statement that "the existence of [Mr. Vargas-Ortega's] family and the importance of his family to him do not bear upon any of the sentencing objectives or sentencing factors." *Id.* Based on this understanding, the court stated that it would not consider family circumstances when selecting the sentence. *Id.* Through this statement, the district court expressed its understanding that a variance could not be based on the defendant's family circumstances.

## II. Preservation

Before addressing whether this understanding is correct, we must consider whether Mr. Vargas-Ortega preserved his appellate challenge. According to the government, Mr. Vargas-Ortega failed to preserve this challenge because he did not object after the district court announced the sentence. We disagree. In his motion, Mr. Vargas-Ortega argued that the district court should vary downward based on his family circumstances.[1]

We consider the sufficiency of this argument under the standard in Federal Rule of Criminal Procedure 51(b). This rule states that a party preserves a claim "by informing the court-when the court ruling or order is made or sought-of the action the party wishes the court to take." Fed. R.

---

[1] The government concedes that the motion for a downward variance was "based on several factors, including [Mr. Vargas-Ortega's] 'family circumstances.'" Appellee's Resp. Br. at 8.

3

Crim. P. 51(b). To comply with this requirement, Mr. Vargas-Ortega contended in his motion that the court should impose a sentence below the guideline range based on his family circumstances. Through this contention, he informed the district court of the action that he wanted; because this contention satisfied Rule 51(b), he didn't need to do anything further to preserve his objection. *See* Fed. R. Crim. P. 51(a) ("Exceptions to rulings or orders of the court are unnecessary."). Preservation does not require redundancy.

The government relies on a line of case law requiring a contemporaneous objection when the appeal involves a district court's failure to adequately explain the sentence. *United States v. Romero*, 491 F.3d 1173, 1176-78 (10th Cir. 2007); *United States v. Mendoza*, 543 F.3d 1186, 1190–92 (10th Cir. 2008). We require a contemporaneous objection in this circumstance because the sentencing court would not otherwise have an opportunity to consider the party's argument. *See United States v. Gantt*, 679 F.3d 1240, 1247 (10th Cir. 2012).

But we have not required a contemporaneous objection when the defendant is appealing the district court's categorical refusal to consider an argument previously made in a motion for a downward variance. *United States v. Lopez-Avila*, 665 F.3d 1216, 1217–19 (10th Cir. 2011). To require a contemporaneous objection in this circumstance would simply require a defendant to repeat what had already been stated in the motion. *See id.*; *see*

4

*also Gantt*, 679 F.3d at 1247 (explaining that a contemporaneous objection, after the denial of a motion for downward variance, would needlessly require the party to repeat what it had already argued in the motion).

We addressed a similar situation in *United States v. Lopez-Avila*, 665 F.3d 1216, 1217–19 (10th Cir. 2011). There the defendant moved for a downward variance, urging a sentence below the guideline range based on disparities in the availability of "fast-track" programs. *Lopez-Avila*, 665 F.3d at 1217. In denying this motion, the district court concluded that it could not consider these disparities as a ground to vary downward. *Id.* The defendant did not renew his objection. But we held that the issue had been preserved, reasoning that the issue had been properly raised prior to the sentencing and that the district court had understood the argument and addressed it. *Id.* at 1217–18.

The government contends that *Lopez-Avila* is distinguishable because there the defendant moved for a downward variance, arguing that the district court "could legally consider" whether to vary downward based on disparities in the availability of fast-track programs. Letter from the Government to the Court Clerk at 1 (May 22, 2018). The government's interpretation is questionable. There is no reference in the *Lopez-Avila* opinion to the defendant's argument that the court had the power to vary downward; we stated only that the defendant had moved for a downward variance based on disparities in fast-track programs. *Lopez-Avila*, 665 F.3d

5

at 1217. Nonetheless, the government has submitted the motion for a variance filed by the defendant in *Lopez-Avila*. In this motion, the defendant argued that the district court could vary downward based on the disparities caused by the availability of fast-track programs. Letter from the Government to the Court Clerk, Attachment A at 42–44, 51–65, 81–87 (May 22, 2018). In the opinion itself, the court never referred to this aspect of the defendant's motion.

Nonetheless, the government contends that "*Lopez-Avila* stands for the following: Where parties have already raised and argued an issue, the losing party is not also required to object after the court decides the issue." Letter from the Government to the Court Clerk at 2 (May 22, 2018). Even if we were to look beyond the opinion itself and consider the defendant's motion for a variance, *Lopez-Avila*'s holding on preservation would apply here. In the motion, Mr. Vargas-Ortega argued that his "personal history and characteristics warrant[ed] a downward variance." R., vol. 1 at 113. He then discussed his family circumstances and explained how they showed that he "does not belong in prison." *Id*. In arguing that the district court should consider his family circumstances, Mr. Vargas-Ortega alerted the court to his argument that family circumstances could be considered. Thus, even if we were to expand our inquiry beyond the opinion itself, Mr. Vargas-Ortega preserved his argument that a court can vary downward based on family circumstances.

6

## III. Merits

Because he preserved the issue, we engage in de novo review. *United States v. Lopez-Avila*, 665 F.3d 1216, 1218 (10th Cir. 2011). Exercising de novo review, we conclude that the district court erred in determining that it could not vary downward based on Mr. Vargas-Ortega's family circumstances.

The government concedes that the district court could vary downward on this basis, for

- a district court can vary downward based on anything relating to the defendant's background, character, or conduct and

- we have acknowledged that family circumstances bear on a defendant's "history and characteristics," which courts must consider under 18 U.S.C. § 3553(a)(1).

18 U.S.C. § 3661; *United States v. Muñoz-Nava*, 524 F.3d 1137, 1148 (10th Cir. 2008). Thus, the district court erred in stating that it could not vary downward based on family circumstances.

## IV. Disposition

We reverse the sentence and remand for resentencing. In selecting the new sentence, the district court has discretion whether to vary downward based on Mr. Vargas-Ortega's family circumstances.

The Court directs the Clerk to issue the mandate forthwith.

Entered for the Court


Robert E. Bacharach
Circuit Judge