## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MANUEL ALBERTO MICHEL-
GALAVIZ,

    Defendant - Appellant.

No. 18-4139
(D.C. No. 2:18-CR-00093-JNP-1)
(D. Utah)

### ORDER AND JUDGMENT[*]

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]

After he had served a ten-year prison sentence for possessing

methamphetamine with the intent to distribute it, federal authorities caught

Defendant Manuel Alberto Michel-Galaviz conspiring with others to distribute heroin

and (once again) methamphetamine. Defendant pleaded guilty to the new conspiracy

charges, and the district court sentenced him to 66 months' imprisonment for those

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

underlying crimes.  But when he took part in the latest conspiracies, Defendant also remained under conditions of supervised release from his first stint in prison.  So Defendant further admitted to the district court that he had violated those conditions—specifically, the condition that he "not commit another federal, state, or local crime" while on supervised release.  And on the basis of that admission, the district court revoked his supervised release and sentenced him to an additional 24 months' imprisonment that would run consecutively to his underlying 66-month term of imprisonment.  See 18 U.S.C. § 3583(e)(3).

Defendant now appeals the district court's decision to impose the consecutive 24-month term of imprisonment based on his violations of supervised release.[1]  His counsel, however, filed a brief under Anders v. California, 386 U.S. 738 (1967), moving to withdraw as counsel on the basis that "any appeal would be wholly frivolous."  United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744).  Neither Defendant nor the United States filed a response to the Anders brief.  Even so, after considering the "potential appealable issues" that counsel dutifully pointed out in his Anders brief—and after "conduct[ing] a full

---

[1] Defendant does not challenge his 66-month term of imprisonment for the underlying crimes, nor does he challenge any other aspect of his conspiracy convictions themselves insofar as they are separate and distinct from his violations of supervised release.  He attempted to do so in a separate case, but we dismissed that appeal under Anders v. California, 386 U.S. 738 (1967), and United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  See generally United States v. Michel-Galaviz, 756 F. App'x 839 (10th Cir. 2019) (unpublished).

2

examination of the record" ourselves—we agree with Defendant's counsel that "there are no non-frivolous issues upon which [Defendant] has a basis for appeal." Id.

Consider, for example, the first potential appealable issue that Defendant's counsel points out. Counsel observes that the district court may have abused its discretion by imposing the 24-month sentence *consecutively* to the 66-month sentence instead of *concurrently*. See United States v. Jones, 660 F. App'x 666, 668 (10th Cir. 2016) (unpublished) ("We review a district court's decision to impose a consecutive sentence rather than a concurrent one for an abuse of discretion." (citing United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002)). But as counsel also observes, that road leads to a dead end. For one thing, the district court committed no procedural errors in making the 24-month sentence consecutive instead of concurrent. In reaching its sentence, the district court considered the necessary 18 U.S.C. § 3553(a) sentencing factors and the policy statements set out in Chapter 7 of the United States Sentencing Guidelines, United States v. Cordova, 461 F.3d 1184, 1188 (10th Cir. 2006); adequately explained why it believed that a consecutive rather than concurrent sentence was proper, United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1258 (10th Cir. 2006); and recognized that the Guidelines—specifically, U.S.S.G. § 7B1.3(f)—did not require it to impose a consecutive sentence even though it ultimately decided to do so. United States v. Contreras-Martinez, 409 F.3d 1236, 1241 (10th Cir. 2005). Further, the district court's consecutive 24-month sentence is substantively reasonable. Indeed, the 24-month sentence itself falls within the low-end of the suggested Guidelines range, see U.S.S.G. § 7B1.4(a), which means that

sentence is presumptively reasonable on appeal, United States v. McBride, 633 F.3d 1229, 1233 (10th Cir. 2011). Even more, U.S.S.G. § 7B1.3(f) advises sentencing courts to order "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release . . . to be served consecutively to any sentence of imprisonment that the defendant is serving." And so the Guidelines expressly contemplate a consecutive 24-month sentence for Defendant. We also discern no § 3553(a) factors that rebut the presumptive reasonableness of that sentence. See McBride, 633 F.3d at 1233.

The second potential appealable issue that Defendant's counsel notes— namely, that the government may have breached an oral agreement with Defendant that his sentence for violating his conditions of supervised release would run concurrently with his sentence for his underlying conspiracy crimes—is without merit, as well. Even assuming the oral agreement existed, the sentencing transcript makes clear that the district court and the parties did not believe any such agreement would have bound the district court under Federal Rule of Criminal Procedure 11(c)(1)(C). See Fed. R. Crim. P. 11(c)(1)(C) (describing plea agreements that "bind the court once the court accepts the plea agreement."). And so, at most, the government could merely *recommend* to the district court that Defendant's supervised-release sentence should run concurrently with his underlying-crime sentence, which is exactly what the government did. See Fed. R. Crim. P. 11(c)(1)(B) (describing plea agreements that "do[] not bind the court"). The

4

government therefore upheld the terms of its alleged bargain; the district court simply disagreed with the government.

Finally, our own review of the record does not lead us to believe that Defendant has any other adequate basis for appealing his consecutive 24-month sentence. We thus agree with Defendant's counsel that Defendant's appeal is wholly frivolous, and on that basis we GRANT counsel's motion to withdraw under <u>Anders</u> and DISMISS this appeal.

Entered for the Court
Per Curiam

5