FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 15, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GONZALO RODRIGUEZ,

    Defendant - Appellant.

No. 22-1435
(D.C. No. 1:20-CR-00101-CMA-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.[**]
_____

Gonzalo Rodriguez appeals his sentence for violating supervised-release conditions.  He challenges the district court's classification of his conspiracy conviction as a crime of violence under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines").  Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.

## I.  BACKGROUND

Mr. Rodriguez admitted to five violations of his supervised-release conditions. The district court determined his sentence using the grade of the most serious violation, as defined in U.S.S.G. § 7B1.1.  *See* U.S.S.G. § 7B1.4(a).

Of Mr. Rodriguez's five violations, two were Grade B violations and two were Grade C violations.  The remaining violation—the subject of this appeal—was a conviction for conspiracy to commit the Colorado offense of felony menacing.  The violation report classified it as Grade A.

Mr. Rodriguez objected to the classification on two grounds.  First, he argued that to be a Grade A violation under U.S.S.G. § 7B1.1, the conspiracy offense had to be a crime of violence as defined in Application Note 1 to U.S.S.G. § 4B1.2.[1]  And he argued that relying on Application Note 1 would be inconsistent with *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019).  Second, Mr. Rodriguez argued that "Colorado

---

[1] U.S.S.G. § 7B1.1 defines a Grade A violation as:

> [C]onduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device . . . ; or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years.

Application Note 2 to § 7B1.1 comments that "crime of violence" is defined in § 4B1.2.  Application Note 1 to § 4B1.2 formerly commented that "crime of violence" "include[d] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."  After the district court sentenced Mr. Rodriguez, the text of Application Note 1 was moved to the text of the Guideline.  U.S.S.G. § 4B1.2(d) (2023).

conspiracy" could not qualify as "conspiracy" under Application Note 1 because Colorado applies a unilateral approach to conspiracy instead of federal law's bilateral approach, thus criminalizing more conduct. ROA, Vol. I at 30-31. He argued that if he prevailed on either argument, his conspiracy conviction should be reduced to a Grade B violation.

The Government's written response did not discuss Mr. Rodriguez's *Kisor* argument. Instead, it argued that the "'enumerated offense'" of "conspiracy" "'refers to the generic, contemporary meaning of the offense,'" which is understood by looking to federal law as well as "[s]tate[] criminal codes" and "prominent secondary sources." *Id.* at 36-37 (quoting *United States v. Martinez-Cruz*, 836 F.3d 1305, 1309 (10th Cir. 2016)). It urged that under "the definition of conspiracy now used in the criminal codes of most States," "Conspiracy to Commit Felony Menacing is a crime of violence." *Id.* at 38.

The district court adopted the Government's position and did not discuss Mr. Rodriguez's *Kisor* argument. ROA, Vol. III at 7-8; *see also id.* at 16-17. Because it held his highest-grade violation was Grade A, his Guidelines recommendation was 24 months.[2] The court sentenced Mr. Rodriguez to 12 months and one day in prison, followed by two years of supervised release.

Mr. Rodriguez timely appealed.

---

[2] Mr. Rodriguez's Guidelines recommendation would have been higher, but it was limited to 24 months based on his original conviction. 18 U.S.C. § 3583(e)(3); ROA, Vol. I at 21.

## II. **DISCUSSION**

In his brief, Mr. Rodriguez does not address and therefore has waived a challenge to the district court's holding regarding the scope of the term "conspiracy." He instead "presses [only] the position that, in light of *Kisor*, his conspiracy conviction does not qualify as a crime of violence under the plain text of § 4B1.2, and that [A]pplication [N]ote 1 cannot be used to classify [conspiracy] as a crime of violence." Aplt. Br. at 7.[3] Under our precedent, *Kisor* does not apply to Guidelines commentary, so we affirm.

"We review the district court's application of the . . . Guidelines for abuse of discretion." *United States v. Rodriguez*, 945 F.3d 1245, 1248 (10th Cir. 2019). "[W]e review questions of law de novo and factual findings for clear error . . . ." *Id.* at 1249. "An error of law is per se an abuse of discretion." *United States v. Lopez-Avila*, 665 F.3d 1216, 1219 (10th Cir. 2011).

In holding that Colorado conspiracy fell under the "enumerated offense" of conspiracy in the Guidelines, the district court followed Application Note 1 to § 4B1.2 and implicitly rejected Mr. Rodriguez's *Kisor* argument. ROA, Vol. III at 8. That was not legal error.

In *United States v. Maloid*, 71 F.4th 795 (10th Cir. 2023), we held that *Kisor* did not alter the holding in *Stinson v. United States*, 508 U.S. 36 (1993), that

---

[3] Mr. Rodriguez notes in his brief that "[t]his issue is currently foreclosed in this circuit. It is raised solely for preservation purposes." Aplt. Br. at 2.

"commentary in the Guidelines Manual governs unless it [(1)] runs afoul of the Constitution or a federal statute or [(2)] is plainly erroneous or inconsistent with the guideline provision it addresses." *Maloid*, 71 F.4th at 798. "We are bound by th[is] precedent . . . absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993). Because Mr. Rodriguez does not argue that *Stinson*'s exceptions should apply here and because this court has held that *Kisor* did not alter *Stinson*'s holding, the district court did not abuse its discretion by following Application Note 1 to hold Mr. Rodriguez's conspiracy offense was a crime of violence.

## III. CONCLUSION

We affirm.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge