**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 14, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DOUGLAS BRUCE, an individual,

    Plaintiff - Appellant,

v.

CITY OF COLORADO SPRINGS, a
municipal government within the State of
Colorado; PIKES PEAK REGIONAL
BUILDING DEPARTMENT, an
intergovernmental agency within the State
of Colorado; ROGER LOVELL, in his
official capacity as the Director of the
Pikes Peak Regional Building Department;
EL PASO COUNTY, a municipal
government within the State of Colorado;
MARK LOWDERMAN, in his official
capacity as the El Paso County Public
Trustee,

    Defendants - Appellees.

No. 22-1413
(D.C. No. 1:21-CV-02427-RMR-MDB)
(D. Colo.)

_____

### ORDER AND JUDGMENT*

_____

Before **MATHESON**, **BACHARACH**, and **ROSSMAN**, Circuit Judges.

_____

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Douglas Bruce appeals from a district court order denying his motion to extend the time to file a notice of appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

Mr. Bruce brought the underlying case under 42 U.S.C. § 1983 after the defendants demolished a building on his property and attached a lien for the demolition costs. The district court granted the defendants' joint motions to dismiss and entered final judgment on September 27, 2022. Mr. Bruce then had thirty days to file his notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a). The thirtieth day was October 27, 2022. Mr. Bruce filed his notice of appeal on October 28, one day late.

That same day, he also moved to extend the notice of appeal deadline, arguing he missed the deadline due to excusable neglect. Mr. Bruce explained counsel was unaware he had failed to complete the filing process through the district court's electronic filing system and mistakenly believed he timely noticed the appeal days earlier, on October 21. The defendants opposed the requested relief.

On November 2, 2022, the district court denied Mr. Bruce's motion and found his notice of appeal ineffective. Mr. Bruce then filed a motion to voluntarily dismiss his appeal, which we granted. *See Bruce v. City of Colo. Springs*, No. 22-1379, 2022

2

WL 19693444, at *1 (10th Cir. Nov. 22, 2022). The instant appeal—challenging the district court's refusal to extend the filing deadline—followed.[1]

## II. DISCUSSION

A timely notice of appeal is a jurisdictional requirement in a civil case. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The requirement cannot be forfeited or waived; in other words, we cannot hear an appeal if the notice of appeal is filed after the deadline. *See id.* at 213; *Alva v. Teen Help*, 469 F.3d 946, 950 (10th Cir. 2006). But the district court can extend the time for a party to file a notice of appeal if "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii).

We review the district court's refusal to extend the notice of appeal filing deadline for abuse of discretion. *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004). Under this standard, we will not disturb the district court's decision unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (internal quotation marks omitted). "An error of law is per se an abuse of discretion." *United States v. Lopez-Avila*, 665 F.3d 1216, 1219 (10th Cir. 2011).

Mr. Bruce asserted only excusable neglect as grounds to extend the notice of appeal deadline; he did not make an argument that good cause also warranted relief.

---

[1] We ordered the parties to brief whether the dismissal of the underlying merits appeal means there is no longer an "actual injury that can be redressed by a favorable judicial decision." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1102 (10th Cir. 2023) (internal quotation marks omitted). However, because we affirm the district court, we need not address the voluntary dismissal of the underlying merits appeal.

*See* Aplt. App. at 76 ("Admittedly the reason for the delay was within the reasonable control of counsel for Mr. Bruce.").[2]  We thus limit our analysis to the argument Mr. Bruce made in district court.

Courts should not extend the notice of appeal deadline for excusable neglect absent unique and extraordinary circumstances.  *Bishop*, 371 F.3d at 1206–07.  To that end, relevant factors include (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Id.* at 1206.

Mr. Bruce contends the district court abused its discretion by rejecting his excusable neglect argument.  He contends the district court mistakenly relied on case law finding that a lawyer's mistake in calculating a deadline or misunderstanding the filing rules did not constitute excusable neglect.  Unlike those cases, the record here shows a different kind of mistake that Mr. Bruce insists is excusable neglect.  As Mr. Bruce explains, "counsel made an error in operating the electronic filing system and mistakenly believed" he actually filed the notice of appeal several days before the deadline.  Aplt. Opening Br. at 11.

After carefully examining the record on appeal, we conclude the district court acted well within its discretion in rejecting Mr. Bruce's excusable neglect argument.

---

[2] Good cause "comes into play in situations in which there is no fault— excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Bishop*, 371 F.3d at 1207 (internal quotation marks omitted).

Although we agree that counsel's reason for missing the deadline in this case is factually distinguishable from miscalculating a deadline or misunderstanding the filing rules, this is a distinction without a meaningful difference.

Counsel's reason for missing the deadline is "perhaps the most important single factor . . . in determining whether neglect is excusable." *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994). The reason for Mr. Bruce's filing delay was his counsel's inadvertence. And we have long recognized that inadvertence rarely constitutes excusable neglect. *See United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004). Importantly, Mr. Bruce failed to provide the district court with his counsel's reason for missing the deadline. The first time he explained the circumstances that caused his counsel's inadvertence was in his reply brief on appeal.[3] We do not doubt the challenging circumstances facing Mr. Bruce's counsel, but on the basis of the record and arguments before us, we cannot say the district court abused its discretion by refusing to extend the deadline for filing a notice of appeal.[4]

---

[3] *See* Aplt. Reply Br. at 3–4 (explaining Mr. Bruce's counsel had recently returned to a full email inbox and many other pending matters that had accumulated after he "missed a significant period of time to care for his son who had come down with his second bout of COVID," and he "neglected to check for the filing confirmation" for the notice of appeal).

[4] Finally, we need not address the impact of the voluntary dismissal of the underlying merits appeal because we affirm the district court's denial of the motion for an extension of time to file a notice of appeal.

5

### III.  CONCLUSION

We affirm the district court's order denying Mr. Bruce's motion for an extension of time to file a notice of appeal.

Entered for the Court


Veronica S. Rossman
Circuit Judge