FILED
United States Court of Appeals
Tenth Circuit

February 3, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JUAN CARLOS ALMANZA-
MARTINEZ, a/k/a Michael Verdin-
Bektzar,

    Defendant-Appellant.

No. 08-1208

(D.C. No. 07-CR-506-WYD)
(D. Colorado)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE, BALDOCK,** and **HOLMES,** Circuit Judges.

---

Defendant Juan Carlos Almanza-Martinez appeals the district court's denial of his motion for a downward variance at sentencing. He contends the district court rejected, out of hand, any policy arguments made by him in support of a variance, and thereby ruled contrary to the Supreme Court's directives in Kimbrough v. United States, 128 S. Ct. 558 (2007). We have jurisdiction

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pursuant to 28 U.S.C. § 1291 and affirm.

I

Almanza-Martinez was found in Colorado without permission to be in the United States.[1] Almanza-Martinez pleaded guilty to his illegal reentry charge, 8 U.S.C. § 1326(a) and (b), and a presentence investigative report was prepared for the district court. Almanza-Martinez's United States Sentencing Guidelines ("Guidelines") sentencing range was 46 to 57 months.

Almanza-Martinez made no objections to the presentence report, but requested a variance from the applicable Guideline sentencing range pursuant to 18 U.S.C. § 3553(a). Almanza-Martinez submitted a sentencing memorandum wherein he argued that a Guideline sentence was "far greater than necessary" because: (1) the Guideline sentence overstated the seriousness of the offense (*i.e.*, the punishment for being in the United States without permission should not be as high as the punishment for more serious crimes) and a shorter than Guideline sentence would still promote respect for the law and deter the behavior; (2) the Guideline sentence failed to take into account any of Almanza-Martinez's personal characteristics, other than his criminal history (*i.e.*, the district court should consider other aspects of Almanza-Martinez's character); (3) Almanza-

---

[1] Two years previously, Almanza-Martinez pleaded guilty in Wisconsin state court to second degree sexual assault of a child. He was deported to Mexico following this offense.

2

Martinez would be deterred by a below-Guideline sentence because he had not served much prison time before (*i.e.*, because he had not served more than two months in prison previous to his current offense, any longer amount of time would be a real deterrent); and (4) because the district court was not a "fast-track"[2] jurisdiction, a lower than Guideline sentence would not create unwarranted sentencing disparities with other defendants who were in "fast-track" jurisdictions.  As is relevant to the issue now raised on appeal, Almanza-Martinez's sentencing memorandum did not cite any case authority to the district court.  ROA Vol. IV at Addendum p. 1-8.

At the sentencing hearing, Almanza-Martinez's counsel briefly reiterated his argument that "sentences are higher than they should be on these cases."[3]  Id.

---

[2]  For a detailed description of "fast-track" programs, see United States v. Martinez-Trujillo, 468 F.3d 1266, 1267 (10th Cir. 2006).  The programs expedite handling large volumes of immigration offense cases by granting downward departures in exchange for waivers by the defendant of certain motion and appellate rights.

[3]  Almanza-Martinez's counsel stated later in the sentencing hearing, however:

> The government suggests that any variant on a Guideline sentence disproportionate on a reentry case [sic], I'm not arguing this, but I do think in many, if not all, cases, these Guidelines sentences are disproportionate. And I intend to make that argument frequently and forcefully in the future until some court tells me, just don't make it, I've heard enough.
>
> No, I'm not arguing that.  It is case-specific and I
>
> (continued...)

3

Vol. III at 6. Almanza-Martinez's counsel spent the remainder of his variance argument focused on particular characteristics of Almanza-Martinez: Almanza-Martinez's achievements while incarcerated; that Almanza-Martinez was a "first-time reentrant"; that Almanza-Martinez had no real opportunity to plead to a lesser offense or cooperate with the government because there was no "fast-track" program in the jurisdiction; Almanza-Martinez's prior felony conviction, which formed the basis of his illegal reentry after prior deportation charge, carried a sentence of only sixty days; and that Almanza-Martinez would be deterred by a below-Guidelines sentence because he had never served much time in prison. Id. at 6-12.

In arguments preceding the district court's ruling, the government's counsel argued that Almanza-Martinez was "asking for this Court to make a fundamental change in the application of Guidelines to this specific type of case [illegal reentry]." Id. at 14. After hearing from the government and Almanza-Martinez, the district court denied Almanza-Martinez's requested variance:

_____

[3](...continued)
> think there is justification here to deviate from the Guidelines.

Id. Vol. III at 10.
        As a result, it is difficult to determine whether Almanza-Martinez made a policy-based, generalized argument about the sentencing range under the Guidelines, or a defendant-specific argument under § 3553(a) at the sentencing hearing. Almanza-Martinez's sentencing memorandum clearly makes the policy-based, generalized argument, however. Id. Vol. IV at Addendum p. 1-8.

4

I don't believe and in part I agree with [the government's counsel], I don't think variance requests are appropriate if they seek to elicit some sort of policy ruling. Requests for variance made under 18 United States Code section 3553(a) need[] to permit the Court, based on the record before it, to determine if given the factors urged in support of the argument, the sentence that's sufficient but not greater than necessary to comply with the purposes set forth in paragraph 2 of the subsection of the statute invoked is a sentence within the advisory Guideline range or below the advisory Guideline range.

And just so the record is clear, there have been cases where motions have been filed where I have granted variances because I concluded on the record before me that such a variance was appropriate. In other cases I've denied them because I found that the variance was not appropriate.

In this case, what troubles me about the argument is that the base offense level for illegal reentry is eight. And the enhancement for 16 points is predicated upon this conviction in Wisconsin. And when I look at the facts of the conviction, I don't have a lot of sympathy for the defendant because what it says in paragraph 25 is that according to the criminal complaint, on July 26, 2004, police officers began an investigation into a possible sexual assault of a 15-year-old female. According to the victim, after a verbal argument with her mother, she ran away from home. While staying with a friend, the two girls met defendant and another individual at their apartment. The four drank alcohol. The victim reported that the defendant forced himself on her and sexually assaulted her. When officers monitored [a] telephone call between the victim and defendant, the defendant admitted he had sexual intercourse with her. I don't find that to be an insignificant crime. It's a significant crime. It's a crime of violence and it shouldn't have happened. It happened and he got convicted. I don't have any opinion about why the sentence was what it was. I wasn't there and the sentence isn't a reflection of either the severity or lack of severity in all cases.

I would note that related to that offense that a violation-investigation report was filed May 16, 2005, after the defendant's May 7, 2005 arrest for disorderly conduct. An administrative hearing was held and the defendant was continued on supervision with a formal warning. A violation-investigation report was file July 20, 2006, when

5

the defendant failed to remain in compliance with the sex-offender registry program. A warrant was issued September 8, 2006, and remains active.

So we have two things happened. We have him being found guilty of having sex with a minor, which is a clear violation of the law. He never registered for the sex-offender program, which apparently Wisconsin law required him to do. And a warrant still remains active for that. So he was in Wisconsin for a long period of time violating the law. I don't find much sympathy in that, and also I think this reflects adversely on his personal history and characteristics.

So in looking at the totality of his record, I don't understand why a variance is appropriate. . . .

So I just don't find [defense counsel]'s policy arguments persuasive. If anything, they need to be made to legislators at the federal level and they can decide if the law needs to be changed.

So on the record before me, I believe the factors that the Court must consider do not support a variance . . . .

Id. at 16-19. The district court then sentenced Almanza-Martinez to a bottom-of-the-range Guidelines sentence of 46 months' imprisonment, followed by 3 years of supervised release. Neither Almanza-Martinez nor the government voiced any objections to the district court's ruling on the variance request, or the sentence imposed.

## II

Almanza-Martinez argues on appeal that the district court erred in denying his variance motion, and that he therefore must be re-sentenced. Almanza-Martinez argues that because the district court stated that he did not think policy arguments were "appropriate" under § 3553(a), the district court's ruling was

6

contrary to the Supreme Court's statements in <u>Kimbrough</u>. Almanza-Martinez contends that <u>Kimbrough</u> authorized the consideration of policy arguments by district courts at sentencing, and therefore the district court's statement that it found policy arguments were not "appropriate" was error. Aplt. Br. at 6-7.

Before considering Almanza-Martinez's argument, however, we must first determine the appropriate standard of review. The government characterizes Almanza-Martinez's appeal as a procedural reasonableness objection, *i.e.*, a challenge to the method by which the district court arrived at its sentencing decision because of the district court's alleged misunderstanding of its sentencing authority under <u>Kimbrough</u>. The government then contends that because Almanza-Martinez did not object at sentencing when the district court allegedly misstated the scope of its sentencing authority, and never cited the <u>Kimbrough</u> decision to the district court, Almanza-Martinez's appeal is limited to plain error review. Aple. Br. at 15. Almanza-Martinez concedes in his reply brief that he alleges a procedural error by the district court, because his appeal "challenges not the length of the sentence but rather the means by which it was determined." Aplt. Reply Br. at 5.

Regarding the standard of review for procedural sentencing errors when the appellant propounds only substantive arguments before the district court, we recently stated:

> Ordinarily, we review a district court's sentencing procedure for abuse of discretion, evaluating factual findings for clear error and legal determinations de novo. When the party alleging error has not objected in the court below, however, we review only for plain error. . . .
>
> A party must specifically object to the district court's procedure in order to preserve that issue for review. The government argues that we should construe its repeated substantive objections to the proposed downward variance as somehow encompassing the required procedural objection. But because the government voiced these objections before the [district] court's discussion of the § 3553(a) factors, the objections could not have addressed any procedural deficiency in that explanation.

United States v. Mendoza, 543 F.3d 1186, 1190-91 (10th Cir. 2008) (internal citations, quotations, and footnote omitted); see also United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007) ("Because [the defendant] did not object to the procedure by which his sentence was determined and explained, we may reverse the district court's judgment only in the presence of plain error."); United States v. Romero, 491 F.3d 1173, 1177 (10th Cir. 2007) ("[W]hile a defendant need not object after pronouncement of sentence based on substantive reasonableness, i.e.[,] the length of that sentence, he must object to any procedural flaws or receive, on appeal, only plain error review." (citing United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir. 2006))).

Almanza-Martinez did not object to the alleged procedural error at the sentencing hearing. He made substantive arguments only. We therefore review Almanza-Martinez's appeal of the alleged procedural error under our plain error

8

standard of review. Plain error review requires Almanza-Martinez to show: (1) error, (2) that is plain, (3) which affects the defendant's substantial rights and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings. Mendoza, 543 F.3d at 1190.

At oral argument, Almanza-Martinez's counsel conceded that if the plain error standard of review applies, Almanza-Martinez cannot meet the final two prongs of the plain error standard, thereby foreclosing his appeal. We agree. Regardless of any finding on the first two prongs of plain error review, see id. at 1194 (noting that, regardless of whether the appellant shows plain error, the appeal fails if the appellant does not also show that the plain error results in prejudice to the defendant's substantial rights), Almanza-Martinez can not show that his "substantial rights" have been affected—"a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." United States v. Hasan, 526 F.3d 653, 665 (10th Cir. 2008) (quotation omitted).

As the party that failed to raise his error below, Almanza-Martinez "bears the burden of establishing this probability." Mendoza, 543 F.3d at 1194 (citing Romero, 491 F.3d at 1179). "When that party fails to advance any argument that its substantial rights were affected, it fails to satisfy this burden." Id.; see also United States v. Trujillo-Terrazas, 405 F.3d 814, 819 (10th Cir. 2005) ("For an error to have affected substantial rights, the error must have been prejudicial: It must have affected the outcome of the district court proceedings.").

9

In this case, the Almanza-Martinez's specific allegation of error is that the district court, in rejecting his motion for a downward variance, stated: "I don't think variance requests are appropriate if they seek to elicit some sort of policy ruling." ROA Vol. III at 16. The district court, however, ultimately considered Almanza-Martinez's policy argument that his calculated Guideline range for illegal reentry was too severe by concluding the Guideline sentence was not too severe as applied to Almanza-Martinez. In other words, the district court was stating that there was nothing unusual about Almanza-Martinez that placed him outside the heartland of cases covered by the Guidelines. It is clear from reading the entire transcript that the district court thought that, regardless of policy disagreements, the sentence imposed was appropriate for this defendant—the alleged error would not have shifted the district court's sentence.

In this case, the record fails to provide the slightest indication that the district court would have imposed a lower sentence had it not made the alleged procedural error. When we review the district court's sentencing in this case, it is beyond dispute that the district court adequately addressed the variance factors of 18 U.S.C. § 3553(a). The district court touched upon each factor when it denied Almanza-Martinez's requested variance, satisfying any and all requirements set forth in the applicable statute and case law. See Ruiz-Terrazas, 477 F.3d at 1202-03 ("The record before us reveals that the district court entertained [the defendant's] Section 3553(a) arguments at length; indicated on the record that it

10

had considered the Section 3553(a) factors; and proceeded to explain its reliance on the range suggested by the sentencing Guidelines. In our view, no more is required by statute or our precedents."). In light of these principles, and the district court's ample explanation and justification of the sentence it imposed, we have no basis upon which to conclude that the district court's alleged procedural error affected substantial rights.

## III

The judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge