**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TIFFANY CARLOTTA HAIGLER,

    Defendant-Appellant.

No. 08-3165

(D.C. No. 5:07-CR-40050-SAC-001)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN** and **BALDOCK,** Circuit Judges, and **BRORBY**, Senior Circuit Judge.

On three separate occasions, Defendant Tiffany Carlotta Haigler sold crack cocaine to an undercover officer. A grand jury subsequently issued a three count indictment charging Defendant with distributing a total of 11.94 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). After her arrest and arraignment, a United States Magistrate Judge placed Defendant on supervised, pretrial release. Defendant tested positive for drug use three times during this pretrial period. Thereafter, she failed to report for scheduled drug testing on multiple occasions. While on pretrial release, Defendant was also arrested for her involvement in stealing

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a Blackberry from an individual in a Wal-Mart parking lot. When questioned about her role in this theft, Defendant denied any knowledge of the incident. Later, Defendant admitted to lying about her involvement in the matter. Defendant's violation of her conditions of supervised release resulted in the issuance of a warrant for her arrest. Three weeks later, Defendant pled guilty, without a plea agreement, to Count I of the indictment, which charged her with distributing 4.39 grams of cocaine base.

Based on Defendant's total offense level of 22 and a criminal history category of II, the PSR recommended a suggested Guidelines range of 46 to 57 months imprisonment. The Government, however, asked the district court to deduct an additional one point from Defendant's total offense level for acceptance of responsibility, based on her execution of a limited appellate waiver. At sentencing, the district court obliged in setting Defendant's total offense level at 21, thus lowering her suggested Guidelines range to 41 to 51 months' imprisonment.

Considering (1) the seriousness of Defendant's offense, (2) Defendant's prior felony conviction for attempted theft, (3) Defendant's statements to the undercover officer that she planned to obtain more crack and a firearm, (4) Defendant's history of testing positive for drug use and failing to report while on probation and pretrial release, and (5) Defendant's recent arrest for theft, the district court cited the need for a sentence that would both protect the public and deter Defendant from further criminal acts. The district court also wished to give Defendant an adequate period

in which to successfully complete the Bureau of Prisons' substance abuse treatment program, as Defendant had a long history of substance abuse. Based on these concerns, the district court determined that "a sentence at the low end of the [G]uideline range of 41 months [was] sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment" under the factors set forth in 18 U.S.C. § 3553(a).[1]

In imposing a within-Guidelines sentence, the district court denied Defendant's request for a variance based on certain alleged inequities in the post-Amendment 706 crack cocaine guidelines.[2] See United States v. Sells, 541 F.3d 1227, 1237 n.2 (10th Cir. 2008) (noting that a variance occurs when a court enhances or detracts from the suggested Guidelines range through the application of the § 3553(a) factors). Defendant preserved her objections to a 41-month sentence in the district court and now appeals the substantive reasonableness of that sentence.[3] Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

I.

---

[1] After the district court sentenced Defendant to 41 months' incarceration on Count I, the Government moved to dismiss the remaining two counts against Defendant. The district court granted this request.

[2] The United States Sentencing Commission promulgated Amendment 706, which reduced the base offense levels for crack cocaine-related offenses, on November 1, 2007. See United States v. Rhodes, 549 F.3d 833, 835 (10th Cir. 2008). Defendant was sentenced on June 10, 2008.

[3] On appeal, Defendant concedes that the district court correctly calculated her recommended Guidelines range.

We review the reasonableness of district courts' sentencing decisions under a deferential abuse-of-discretion standard. See United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008). Thus, to prevail on appeal, a defendant must demonstrate that the sentence the district court imposed is "arbitrary, capricious, whimsical, or manifestly unreasonable." Id. In many cases "there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." United States v. Wittig, 528 F.3d 1280, 1286 (10th Cir. 2008).

On appeal, Defendant challenges the substantive reasonableness of her sentence. We, therefore, consider only whether the length of her sentence "is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."[4] Huckins, 529 F.3d at 1317. As the district court sentenced

---

[4] To the extent Defendant contests the district court's explanation for the sentence it imposed, we note that the district court's failure "to consider, or explain its consideration of, the § 3553(a) sentencing factors" is a matter of procedural reasonableness. United States v. Parker, 553 F.3d 1309, 1322 (10th Cir. 2009). Defendant has only challenged the substantive reasonableness of her sentence in this appeal. In any case, where a district court imposes a sentence within the suggested Guidelines range, 18 U.S.C. § 3553(c) merely requires the court to provide a "general statement" of its reasons for imposing a particular sentence. Id. That requirement is clearly met here. Furthermore, "in a run-of-the-mill case involving a sentence within the advisory [G]uidelines range, it is unnecessary for the district court to specifically address on the record, by reference to the factors set out in 18 U.S.C. § 3553(a), a request for a sentence outside the Guidelines range." Sells, 541 F.3d at 1236; see also United States v. Hamilton, 510 F.3d 1209, 1219 (10th Cir. (continued...)

Defendant within the range suggested by the Guidelines, we begin with the presumption that Defendant's sentence is reasonable. See United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (explaining that a sentence properly calculated under the Guidelines is entitled to a "rebuttable presumption of reasonableness" on appeal). Defendant may overcome this presumption by demonstrating her 41-month sentence is unreasonable under the "factors delineated in § 3553(a)." Id.

Defendant has simply failed to meet this burden. Before the district court, Defendant requested a 21-month sentence. Based on this figure, Defendant offers a litany of reasons why the district court's rationale for "increasing" her sentence to 41 months was improper. But this strain of argumentation ignores the fact that the district court did not "increase" Defendant's sentence. Rather, the district court determined that a sentence at the lower end of the Guidelines was sufficient, but not greater than necessary, to implement the policies Congress outlined in § 3553(a). Consequently, the district court denied Defendant's request for a variance. We cannot say that in so ruling the district court abused its discretion. See United States v. Donohoe, 458 F.2d 237, 239 (10th Cir. 1972) (noting that "[w]ide discretion in [the] imposition of sentence reposes in the trial judge").

Much of Defendant's argumentation centers around the Supreme Court's

[4](...continued)
2007) (affirming the denial of a variance where the district court "considered" a defendant's arguments and had a "reasoned basis" for the sentence it imposed).

5

decision in <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007). In <u>Kimbrough</u>, the Court held that a district court may, in its discretion, conclude that the crack/powder disparity in the Guidelines — as applied to a particular defendant — yields a sentence that is greater than necessary under the § 3553(a) factors. <u>See</u> <u>United States v. Trotter</u>, 518 F.3d 773, 774 (10th Cir. 2008). Nothing in <u>Kimbrough</u>, however, indicates that merely because "a ground for a variance is available" that the district court is "compelled" to find a variance is appropriate in every case. <u>Sells</u>, 541 F.3d 1238. To the contrary, we have recognized that in "many cases" the district court's individualized sentencing determination and the "Guidelines recommendation" will "overlap." <u>United States v. Smart</u>, 518 F.3d 800, 809 (10th Cir. 2008). That the district court reached such a conclusion in this case is unsurprising.

District courts are required to consider "every convicted person as an individual" and account for the unique factors that "sometimes mitigate, sometimes magnify, the crime" and hence "the punishment to ensue." <u>Huckins</u>, 529 F.3d at 1319. As the district court explained, Defendant's conduct tended to magnify, rather than mitigate, the severity of her offense. <u>See</u> <u>United States v. Pinson</u>, 542 F.3d 822, 838 (10th Cir. 2008) (noting that district courts have "wide discretion in choosing the factors" they consider during sentencing); <u>United States v. Altarmirano-Quintero</u>, 511 F.3d 1087, 1095 (10th Cir. 2007) (recognizing that relevant conduct for sentencing purposes "comprises more, often much more, than the offense of conviction itself, and may include uncharged and even acquitted conduct"). The

sentence imposed by the district court was thus "reasoned and reasonable." Huckins, 529 F.3d at 1320.

Under these circumstances, we simply have no grounds to question the propriety of a within-Guidelines sentence. See Sells, 541 F.3d at 1239 ("[A]s long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance."). The district court's "refusal to vary downward" was clearly within the "wide bounds" of its discretion. Id. at 1238. Accordingly, we AFFIRM the 41-month sentence imposed by the district court.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge