FILED
United States Court of Appeals
Tenth Circuit

June 22, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS CARLOS TENA-ARANA,

    Defendant - Appellant.

No. 17-1345
(D.C. No. 1:17-CR-00034-MSK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Jesus Carlos Tena-Arana has filed this direct appeal to challenge the district

court's denial of his motion for a variant sentence based on an appellate waiver.[1]

Tena-Arana argues the district court "categorically barred" consideration of his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In his plea agreement, Tena-Arana agreed to "waive[ ] the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 12; or (3) the government appeals the sentence imposed." ROA, Vol. I, at 14. The second exception triggered Tena-Arana's right to appeal this case. The advisory guideline range applicable to an offense level of 12 is 15–21 months' imprisonment, and the district court sentenced Tena-Arana to 30 months in prison.

appellate waiver, and by excluding the waiver from 18 U.S.C. § 3553 consideration, the court committed reversible error. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and AFFIRM the district court.

**I**

Tena-Arana, a native and citizen of Mexico, does not have claim to lawful immigration status in the United States. Prior to his present conviction, Tena-Arana had previously been removed from the United States four times. His fourth deportation followed a conviction of illegal re-entry after deportation subsequent to an aggravated felony conviction. For that conviction, Tena-Arana received a 24-month prison sentence and three-year term of supervised release.

In November 2016, after his fourth deportation, Tena-Arana again illegally re-entered the United States. On November 28, 2016, immigration officials found Tena-Arana in Denver, Colorado, after he had been detained and charged with interfering with a police officer and providing false information. Tena-Arana admitted that he had illegally re-entered the United States about five days earlier.

On May 9, 2017, Tena-Arana pleaded guilty to one count of illegal re-entry of a previously deported alien following an aggravated felony conviction under 8 U.S.C. § 1326(a), (b)(2). With a criminal history category of III and a total offense level of 13, Tena-Arana's guideline sentencing range was 18–24 months in prison.

However, as part of his guilty plea, Tena-Arana agreed to waive almost all of his appellate rights. In exchange, the government "agree[d] not to object to a variance equivalent to a one-level reduction from the guideline offense level[, from

2

13 to 12,] as calculated by the Court." ROA, Vol. I, at 14. The government also "agree[d] to recommend a term of imprisonment within the applicable guideline range as adjusted by the one-level reduction," which was 15–21 months in prison. Id. at 14, 19.

The assigned probation officer recommended a 24-month prison sentence. Probation was aware of Tena-Arana's appellate waiver. However, the probation officer excluded from her sentence calculation the one-level reduction from Tena-Arana's guideline offense level for the waiver.

As contemplated by the plea agreement and prior to sentencing, Tena-Arana filed a motion for a variant sentence,[2] seeking a sentence of 15 months in prison. His motion for a variant sentence was based only in part upon his partial appellate waiver. In his motion, Tena-Arana presented several reasons to support a variant sentence in addition to his partial appellate waiver: his present crime, illegal reentry, is not a serious crime; although he has a "series of criminal convictions," he is not a violent person; he has a "consistent" work history and has a good relationship with

_____

[2] Before the district court, Tena-Arana sometimes characterized his request as a request for a variance, and sometimes as a request for a departure. The district court treated Tena-Arana's request as a request for a variance, and Tena-Arana agreed. See ROA, Vol. III, at 41 ("THE COURT: Any departures under the guidelines? MR. GOLLA: No, Your Honor. THE COURT: Okay. Any request for variance? MS. DOSHI: Yes, Your Honor. The United States does not object to a one-level variance in exchange for the appellate waiver in this matter."). We also treat Tena-Arana's argument as a request for a variance. See United States v. Beltran, 571 F.3d 1013, 1018 (10th Cir. 2009) ("The district court treated Defendant's argument as a request for a variance and did not address the possibility of a downward departure . . . . Therefore, we will treat Defendant's argument . . . as a request for a variance under the factors set forth in 18 U.S.C. § 3553(a).").

3

his son and ex-wife; and although deported several times, he was shot and wounded while in Mexico and returned to the United States for his own safety. Id. at 36–37.

At sentencing, the district court made the following remarks regarding Tena-Arana's inclusion of the plea agreement in his request for a variance:

> I don't grant variances based on agreements between the parties. That's not the function of the parties; they do not have discretion to vary; that is the role of the Court. Now, I'll take your request for a variance under consideration in imposing a sentence; but I will not vary because there has been an appellate waiver. Any variance is because the guideline calculation does not satisfy the sentencing objectives of 18 U.S.C. Section 3553.

Id. Vol. III, at 42.

The district court continued:

> [T]he variance that is requested was something the parties had anticipated in their plea agreement. Some of the judges on this court require specific consideration to be stated for an appellate waiver, I do not. I view consideration in the plea agreement to be global consideration, a promise for a promise. And as a consequence, there is no specific consideration that I require for a plea agreement that contains an appeal limitation.
>
> But moreover and more importantly, departures and variances are different. Departures, under the guidelines, can be agreed to by counsel based on particular facts. Variances cannot. Variances are, in my view, something that the Court must consider in the context of application of 18 U.S.C. Section 3553. And I note with particularity that none of the objectives and none of the factors in that statute concern appeals. So while it is a benefit to the Government to have an appellate waiver, it is not something that figures into a variance, which is the mismatch between a guideline calculation and a statutory calculation.
>
> Consequently, I deny the motion for a non-guideline sentence at Docket No. 23 based upon an appellate waiver.

Id. at 58–59.

4

Then, considering § 3553 sentencing factors and objectives, the district court declined to vary downward. In fact, the district court varied upward from the sentencing guideline range corresponding to Tena-Arana's unadjusted offense level. The district court noted that Tena-Arana's previous 24-month sentence, with a three-year term of supervised release, "did nothing . . . to deter [his] reentry into the United States." Id. at 64. Moreover, the district court was troubled by the fact that "every time" Tena-Arana was present in the United States, he was "convicted of crimes." Id. at 63. Thus, due to the "combination of illegal reentry plus" Tena-Arana's "violati[ons] of the law here in the United States," the district court decided a 30-month prison sentence, followed by three years of supervised release, would be "sufficient but not greater than necessary to[:]" (i) "promote respect for the law," (ii) "provide just punishment," (iii) "deter criminal conduct," and (iv) "protect the public." Id. at 63. Upon imposition of Tena-Arana's sentence, his counsel objected by simply stating, "I'm objecting to the variance." Id. at 65.

## II

The parties disagree regarding the applicable standard of review. The government contends that we should review for plain error. The government believes the plain error standard of review applies because Tena-Arana did not object and raise the argument he now urges on appeal. Although Tena-Arana generally objected

5

when the court imposed an upward variance, he did not state that the basis for his objection was the court's refusal to consider his appellate waiver.[3]

Tena-Arana claims our review should be de novo. Tena-Arana contends that he preserved his challenge to the district court's alleged legal error by arguing in his motion for a variant sentence that the "benefits of an appellate waiver" are a proper basis for a downward variance under § 3553(a), thereby "informing the court . . . of the action" he "wishe[d] the court to take" and "the legal basis for doing so." Reply, at 2–3 (quoting Fed. R. Civ. P. 51(b)). Tena-Arana contends he did all he was required to do to preserve the issue for appeal. We conclude the government articulates the correct standard of review.

Tena-Arana only challenges the procedural reasonableness of his sentence. See United States v. Almanza-Martinez, 309 F. App'x 277, 280 (10th Cir. 2009) (describing a "procedural reasonableness objection" as "a challenge to the method by which the district court arrived at its sentencing decision because of the district

---

[3] The government also argues that "[b]y failing to object to the district court's statements below and failing to argue plain error review on appeal, Tena-Arana has waived any claim of procedural unreasonableness," Aple. Br., at 6, and we may dismiss his appeal, see United States v. Wright, 848 F.3d 1274, 1281 (10th Cir. 2017) ("[W]e have repeatedly declined to consider arguments under the plain-error standard when the defendant fails to argue plain error."). Whether an appellant must argue for plain error in his opening brief or whether arguing for plain error in reply is sufficient remains an unresolved question in our circuit. However, Tena-Arana "adequately addressed the issue of plain error review in his reply to the government's brief, after arguing in his opening brief that his objections below were sufficiently raised to be preserved for review on appeal." United States v. Zander, 794 F.3d 1220, 1233 n.5 (10th Cir. 2015). In Zander, we concluded this was enough. Id. We thus review Tena-Arana's argument here.

6

court's alleged misunderstanding of its sentencing authority"). "[W]hile a defendant need not object after pronouncement of sentence based on substantive reasonableness," United States v. Romero, 491 F.3d 1173, 1177 (10th Cir. 2007), to preserve a procedural error at sentencing, he "must specifically object to the district court's procedure," United States v. Mendoza, 543 F.3d 1186, 1191 (10th Cir. 2008). When a party properly objects, "we review a district court's sentencing procedure for abuse of discretion, evaluating factual findings for clear error and legal determinations de novo." Id. at 1190. "When the party alleging error has not objected in the court below, however, we review only for plain error." Id.

Though not cited either in his opening or reply brief, our opinion in United States v. Lopez-Avila, 665 F.3d 1216 (10th Cir. 2011), may arguably lend support to Tena-Arana's claim that his appellate issue—that the district court procedurally erred by concluding it was barred from considering his appellate waiver at sentencing—is preserved solely by virtue of having filed a motion for a variant sentence. However, Lopez-Avila serves only as a unique exception to the general rule regarding the preservation of procedural sentencing errors.

In Lopez-Avila, defendant moved for a downward variance, asking the district court to take into consideration sentencing disparities resulting from the availability of "fast-track" programs in some districts, while the same program was unavailable to defendants sentenced in the District of Colorado. Id. at 1217. The district court denied defendant's request for a downward variance. Id.

7

Lopez-Avila appealed and argued that the district court erred in concluding it was precluded from considering sentencing disparities created by fast-track programs. Id. The government claimed that we should review for plain error because defendant did not object at sentencing to the district court's alleged procedural error. Id. We rejected the government's argument and concluded defendant adequately preserved his issue for appeal, as "the issue was properly raised prior to the sentencing hearing, the judge was familiar with the argument, and the argument was addressed by the judge." Id. at 1217–18.

The key distinction between Lopez-Avila and the case before us is that in Lopez-Avila defendant's argument in his motion for a variance was essentially identical to the one he later advanced on appeal. The only argument made in Lopez-Avila's presentence motion was that the district court should impose a non-guideline sentence because of sentencing disparities created by fast-track programs. And, at the heart of Lopez-Avila's motion was his claim that sentencing disparities created by fast-track programs are an appropriate consideration at his own sentencing as a matter of law. Prior to sentencing, Lopez-Avila had explicitly raised and fully presented—including arguments and authorities in support—the procedural question raised on appeal. See, e.g., Motion for Non-Guideline Statutory Sentence at 2–3, United States v. Lopez-Avila (D. Colo. Mar. 24, 2010) (No. 09-cr-456-WYD), ECF No. 24.[4] We were confident the district court understood Lopez-Avila's

_____

[4] This is a publicly-filed document of which we may take judicial notice.

argument and had before it the relevant universe of information. Given the specific focus of defendant's motion for a variance, we concluded that to require the defendant to re-assert the procedural issue he had already briefed and argued "would require defense counsel to perform a superfluous and futile gesture and would take the time of the district courts for this meaningless charade." Lopez-Avila, 665 F.3d at 1218. The case at bar is distinguishable.

Tena-Arana did not fully contemplate and brief before the district court the procedural issue he now raises on appeal, i.e., whether the district court is "categorically barred" from considering his appellate waiver within its sentencing deliberation. Tena-Arana's motion for a variant sentence does not center on why his appellate waiver is an appropriate sentencing consideration. Rather, Tena-Arana's motion focuses on why a downward variance from the advisory guideline range would adequately achieve sentencing objectives. Tena-Arana discusses the nature of his offense, its seriousness, his personal history and characteristics, as well as the sentencing goals of attaining respect for the law by the defendant and protecting the public. Tena-Arana asserts, only in a conclusory fashion, that an appellate waiver is "an appropriate consideration" at sentencing and a "non-prohibited reason" to vary.[5]

---

[5] In full, the arguments Tena-Arana advanced regarding his appellate waiver in his motion for a variant sentence are as follows:

> [T]he defendant submits a departure based upon the perceived benefits of an appellate waiver to the trial court, to the appellate court and to the government which was acknowledged and agreed

(Continued . . .)

9

ROA, Vol. I, at 33. These remarks, devoid of legal support and argument, are insufficient for the district court to have understood they allegedly formed the crux of Tena-Arana's motion, and, were an appeal to arise, this issue would be its foundation. Tena-Arana is not faulted for being unable to predict a procedural error before it occurred. But once the alleged procedural error arose, Tena-Arana was obligated to contemporaneously object.

As we noted in Lopez-Avila, one of the primary benefits of requiring objections to be raised in the district court "is that a timely objection in the district court 'can alert the district court and opposing counsel, so that any potential error can be corrected, obviating any need for an appeal.'" Id. (quoting Romero, 491 F.3d at 1177). Tena-Arana deprived the district court of this opportunity, as his procedural objections were not "thoroughly presented to the district court." Id. (emphasis added).

---

(cont'd)

> upon in the plea agreement [and] is, by implication, an appropriate consideration for a one-level departure.
>
> Application Note 5 to USSG 2K2.0 provides, in part, . . . "a departure may be based upon justifiable, non-prohibited reasons for departure as part of a sentence that is recommended, or agreed to, in the plea agreement and accepted by the court." Since a departure based upon an appellate waiver is a non-prohibited reason, it would be appropriate to base a one-level departure based thereon.

ROA, Vol. I, at 33. Defendant in Lopez-Avila fully briefed, cited to, and analyzed United States Supreme Court and Tenth Circuit precedent, case law from other circuits, congressional authority, and sentencing guidelines. While Tena-Arana presents a robust analysis on appeal, he did not do so in his motion for a variance.

10

We have long held that "contemporaneous objection to procedural errors is" required to adequately preserve a procedural challenge for appeal. Romero, 491 F.3d at 1177. This is the requirement not only in our circuit, but in our sister circuits as well. See id. at 1178 (collecting opinions from the First, Third, and Ninth Circuits, and unpublished decisions from the Sixth and Eleventh Circuits that "have allowed only plain error review when a defendant failed to procedurally object to the district court's imposition of sentence below"). We believe the extraordinary facts of Lopez-Avila created a unique exception to our contemporaneous objection requirement for preservation of procedural errors. However, to the extent that Lopez-Avila can be read as broadly holding a contemporaneous objection to procedural error is not required, "we must regard the earlier decision[s] as binding." Romero, 491 F.3d at 1177 (citing Haynes v. Williams, 88 F.3d 898, 900 n.4 (10th Cir. 1996) ("[W]hen faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom.")).

In fact, we have recently adhered to our prior case law, when we rejected a similar preservation argument in United States v. Wireman, 849 F.3d 956 (10th Cir. 2017). In Wireman, "Defendant ask[ed] us to apply *de novo* review because, by submitting his memorandum for a downward variance to the district court, he 'did everything necessary to alert the district court to the need to address the . . . grounds for [his] requested variance.'" Id. at 961. We concluded "Defendant did not do *everything* necessary" because he failed to object at sentencing to the alleged procedural error raised on appeal. Id. And, we noted, "[w]e have previously held

11

that even if a district court is fully apprised of a defendant's arguments for a below-Guidelines sentence, the defendant must still contemporaneously object in the district court to 'the *method* by which the district court arrived at a sentence, . . .' if he . . . hopes to avoid plain error review on appeal of any alleged procedural flaw." Id. (quoting Romero, 491 F.3d at 1176–77); see also id. at 965 (McKay, J., concurring) ("I agree with the majority's well-reasoned opinion that plain-error review applies here."). We therefore held, "we cannot deviate from our prior precedent and required standard of review," and we reviewed for plain error.[6] Id. at 962.

The district court asked at sentencing whether there was "[a]ny need for clarification, further explanation, objection, or a request for continuance," ROA, Vol. I, at 64, and Tena-Arana "did not raise the procedural objection he now asserts," Romero, 491 F.3d at 1176. Rather, Tena-Arana "object[ed] to the variance." ROA, Vol. III, at 65 ("I'm objecting to the variance."). This general objection did not inform the district court if he was objecting to the district court's denial of his motion for a downward variance, or if he was objecting to the district court's upward

---

[6] Tena-Arana and our dissenting colleague attempt to distinguish Wireman by limiting our holding to the issue in Wireman—"whether a district court adequately explained a defendant's sentence." 849 F.3d at 958. But our holdings in Wireman and its predecessors were broader, applying to "any alleged procedural flaw," including the one Tena-Arana raises on appeal. See id. at 961; see also Romero, 491 F.3d at 1177 (stating defendant "must object to any procedural flaws or receive, on appeal, only plain error review" (emphasis added)). To hold otherwise would result in different categories of procedural errors subject to different standards of review. Our precedent does not compel this conclusion.

12

variance.  Moreover, Tena-Arana's objection is unclear as to its grounds and whether they were substantive, procedural, or both.  Thus, Tena-Arana did not "specifically object to the district court's procedure," Mendoza, 543 F.3d at 1191, and we review for plain error.[7]

**III**

To prevail, Tena-Arana must show: "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Wireman, 849 F.3d at 962 (quotation omitted).

---

[7] Had Tena-Arana properly preserved this issue for appeal, in which case our review of the legal question would be de novo, United States v. Cherry, 572 F.3d 829, 831 (10th Cir. 2009), as our dissenting colleague concludes, the result of this case would remain unchanged.

"If we find a procedural error, resentencing is required only if the error was not harmless." United States v. Sanchez-Leon, 764 F.3d 1248, 1262 (10th Cir. 2014). Procedural error is harmless if the government can show by a preponderance of the evidence that "the record viewed as a whole clearly indicates the district court would have imposed the same sentence had it not relied on the procedural miscue(s)." United States v. Kieffer, 681 F.3d 1143, 1165 (10th Cir. 2012).  Moreover, "[d]espite this court's general reluctance to *sua sponte* apply harmless error review, it may be appropriate to do so where the certainty of the harmlessness is readily apparent." United States v. Holly, 488 F.3d 1298 (10th Cir. 2007).  That is the case here.

Although the government only argued under plain error review, it claimed that because the district "court was determined to sentence" Tena-Arana "above the guideline range regardless of the appellate waiver, the error did not affect his sentence." Aple. Br., at 4.  Indeed, the district court stated it did "not intend to impose a [within-]guideline sentence," corresponding to Tena-Arana's unadjusted offense level.  ROA, Vol. III, at 64.  On this record, it is clear the "court would have imposed the same sentence," Kieffer, 681 F.3d at 1165, even had it considered Tena-Arana's appellate waiver.  We conclude even under de novo review that the error alleged is harmless and our remand for resentencing would not result in a reduced sentence.

13

We conclude the district court committed plain legal error; thus, Tena-Arana meets the first two prongs of the plain error test. However, Tena-Arana fails at the third prong of plain error review, as the district court's error did not affect his substantial rights. We therefore affirm the district court.

*A.     Error*

The district court committed legal error. "Section 3553(a) lists in broad and general terms the factors which district courts must account for during sentencing, and encompasses the vast majority of considerations courts have traditionally treated as relevant in setting sentences." United States v. Smart, 518 F.3d 800, 803 (10th Cir. 2008). However, under 18 U.S.C. § 3661, "'[n]o limitation shall be placed on the information' a sentencing court may consider 'concerning the [defendant's] background, character, and conduct.'" Pepper v. United States, 562 U.S. 476, 488 (2011) (quoting what is now 18 U.S.C. § 3661).

Consistent with this broad directive, the government agrees with Tena-Arana's claim "that a court can consider the existence of an appellate waiver in sentencing a defendant." Aple. Br., at 6. But, contrary to Tena-Arana's argument, the government contends the district court did not believe it was "barred" from contemplating Tena-Arana's waiver of appellate rights. Rather, the government argues the district court knew it could take Tena-Arana's appellate waiver into account and did reflect on it. According to the government, the district court merely chose not to afford it any weight because "[t]he effect of Tena-Arana's repeated violations of the law on several § 3553(a) factors—promoting respect for the law,

14

protecting the public, and deterrence—outweighed any other factors for the court," including the appellate waiver.  Id. at 7–8.

The record does not support the government's view that the district court considered Tena-Arana's appellate waiver in the § 3553 equation, choosing to give it "little or no weight."  Id. at 9.  Based on the district court's statements at sentencing, we conclude the district court legally erred by determining that § 3553 barred consideration of Tena-Arana's appellate waiver.

We have no debate regarding the district court's initial statements.  In acknowledging Tena-Arana's motion for a variance, the district court stated:

> I'll take your request for a variance under consideration in imposing a sentence; but I will not vary because there has been an appellate waiver.  Any variance is because the guideline calculation does not satisfy the sentencing objectives of 18 U.S.C. Section 3553.

ROA, Vol. III, at 42.  Here, the district court clearly stated that it will not vary simply by virtue of an appellate waiver or an agreement between Tena-Arana and the government.  See id. ("I don't grant variances based on agreements between the parties.  That's not the function of the parties; they do not have discretion to vary; that is the role of the Court.").  Rather, the district court stated a variance is appropriate if a guideline calculation fails to meet the sentencing objectives outlined in § 3553.  See id.  We agree with this view.

However, we disagree with the district court's later statements regarding the appellate waiver.  In denying Tena-Arana's motion for a variant sentence based on his appellate waiver, the district court continued:

15

> Variances are, in my view, something that the Court must consider in the context of application of 18 U.S.C. Section 3553. And I note with particularity that none of the objectives and none of the factors in that statute concern appeals. So while it is a benefit to the Government to have an appellate waiver, it is not something that figures into a variance, which is the mismatch between a guideline calculation and a statutory calculation.

Id. at 59. These statements make clear that the district court did not believe an appellate waiver "figures into a variance," or that an appellate waiver could serve as a basis for a variance because "none of the objectives" or "factors in" § 3553 "concern appeals." Id. This reading of § 3553 appears to unduly restrict the scope of information a sentencing court may consider.

Appellate waivers may "figure[ ] into a variance," as they do concern and relate to "objectives" and "factors in" § 3553, see id., including a defendant's "history and characteristics" and "the need for the sentence imposed . . . to provide just punishment," "afford adequate deterrence," and "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C). For example, an appellate waiver may show acceptance of responsibility, beyond pleading guilty. See U.S.S.G. § 3E1.1 (stating, along with comments thereto, that government should not withhold motions for sentencing adjustments for acceptance of responsibility based on "whether the defendant agrees to waive his or her right to appeal"); see also United States v. Haigler, 329 F. App'x 791, 792 (10th Cir. 2009) (noting the district court deducted one point from defendant's offense level "for acceptance of responsibility, based on her execution of a limited appellate waiver"). This, in turn, may prove relevant to deciding "how severe a sentence is necessary to provide

16

deterrence and punishment."  United States v. Severino, 454 F.3d 206, 211 (3d Cir. 2006); see United States v. Hahn, 359 F.3d 1315, 1318 (10th Cir. 2004) (stating appellate waivers "benefit defendants, the government, and society at large").

Of course, the district court was not required to vary downward based on Tena-Arana's appellate wavier.  If it chose, the district court did not have to afford it any weight at all.  However, the district court "*may* at least sometimes find" appellate waivers "relevant to the sentencing factors Congress has expressly directed it to consider when sentencing."  United States v. Smith, 756 F.3d 1179, 1192 (10th Cir. 2014).  The district court erred in concluding that consideration of Tena-Arana's appellate waiver was not even in the mix of information it could consider under § 3553.

### B.     Plain Error

Moreover, the district court's error is plain.  For an error to be plain "the error must be 'clear or obvious' under 'current, well-settled law.'"  United States v. Story, 635 F.3d 1241, 1248 (10th Cir. 2011) (quoting United States v. Whitney, 229 F.3d 1296, 1308–09 (10th Cir. 2000)).  "'In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue.'"  Id. (quoting United States v. Ruiz-Gea, 340 F.3d 1181, 1187 (10th Cir. 2003)).

In Pepper, the Eighth Circuit "concluded . . . that the District Court, when resentencing petitioner after his initial sentence had been set aside on appeal, could not consider evidence of petitioner's rehabilitation since his initial sentencing."  562

17

U.S. at 480. That is, the Eighth Circuit determined that "post-sentencing rehabilitation is an impermissible factor to consider in granting a downward variance." Id. at 484.

The Supreme Court vacated the Eighth Circuit's decision, holding "that when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the . . . Guidelines range." Id. at 490. In so holding, the Court reiterated "that 'the broad language of § 3661' does not provide 'any basis for the courts to invent a blanket prohibition against considering certain types of evidence at sentencing.'" Id. at 491 (quoting United States v. Watts, 519 U.S. 148, 152 (1997)). Indeed, the Court noted that the Eighth Circuit's "conclusion conflict[ed] with longstanding principles of federal sentencing law and Congress' express directives in §§ 3661 and 3553(a)." Id. at 480.

We have also addressed whether certain information can be excluded from consideration at sentencing. In Smith, defendant was convicted of two robbery counts and two counts of using a gun "during and in relation to" the robberies. 756 F.3d at 1181 (quoting 18 U.S.C. § 924(c)). The district court first concluded that § 924(c) mandated defendant be sentenced to a minimum of 35 years' in prison for his use of a gun during the robberies. Id. Then, in setting an appropriate sentence on defendant's two robbery counts, the district court concluded it must disregard the § 924(c) gun convictions and the associated sentences it had just imposed. Id.

18

Following the Supreme Court's lead in Pepper, we too refused "to bar sentencing courts from considering an entire category of information about" a defendant, id. at 1182, vacating the sentence and holding that "sentencing courts may examine and consider the impact of contemporaneously issued sentences," id. at 1184. We noted, "the relevant statutes permit a sentencing court to consider a defendant's § 924(c) conviction and sentence just as they permit a sentencing court to consider most any other salient fact about a defendant." Id. at 1181. This is because "[u]nder a longstanding American tradition embodied in § 3661 and § 3553(a), federal courts seeking a just sentence may look to the whole of the defendant's person, character, and crimes." Id. at 1184.

Similarly, refusing to consider a defendant's appellate waiver based on the impression that it does not "figure[ ] into a variance" because "none of the objectives" or "factors in" § 3553 "concern appeals," ROA, Vol. III, at 59, "would directly contravene Congress' expressed intent in § 3661," Pepper, 562 U.S. at 491, and directives in § 3553(a), id. The district court's error was therefore plain in light of §§ 3661 and 3553(a), the Court's decision in Pepper, and our opinion in Smith.

C.     *Plain Error that Affects Substantial Rights*

Although Tena-Arana met the first two prongs of plain error review, he fails at the third prong. The plain error did not affect Tena-Arana's substantial rights.

"For an error to have affected substantial rights, 'the error must have been prejudicial: It must have affected the outcome of the district court proceedings.'" United States v. Trujillo-Terrazas, 405 F.3d 814, 819 (10th Cir. 2005) (quoting

19

United States v. Olano, 507 U.S. 725, 734 (1993)). Tena-Arana "must demonstrate that, 'but for the claimed error, [his] sentence would have been . . . different.'" United States v. Begaye, 635 F.3d 456, 471 (10th Cir. 2011) (quoting United States v. Uscanga-Mora, 562 F.3d 1289, 1295 (10th Cir. 2009)).

Tena-Arana argues in his reply brief that had the district court considered the appellate waiver "there is a substantial likelihood that it would have granted the motion"—i.e., sentenced him with a one-level reduction and within a sentencing range of 15–21 months. Reply, at 9. Tena-Arana has not demonstrated on the record presented that there was a substantial likelihood his sentence would have been different had the appellate waiver been considered. Nor has he shown a substantial likelihood that consideration of the waiver would have caused the district court to grant his motion for a downward variance and sentence him within a 15–21 month range.[8]

The district court was very clear in its ruling that a sentence above the guideline range corresponding to Tena-Arana's unadjusted offense level (18–24 months) was necessary, regardless of his appellate waiver. Thus, the error did not affect Tena-Arana's sentence. The district court noted that Tena-Arana's criminal history "spans a 30-year period." ROA, Vol. III, at 60. Tena-Arana "illegally entered the United States five times, [and] was removed four times." Id. The district

---

[8] While our dissenting colleague presents a number of hypothetical effects consideration of the appellate waiver may have had, Tena-Arana did not make any of these arguments in his briefing.

court was "concern[ed] . . . greatly . . . that there is a clear pattern of [Tena-Arana's] understanding that [he] should not be here, that [he] cannot be here legally, and, yet, [he] come[s] back." Id. at 62. Further, the district court was "concern[ed] that every time that [Tena-Arana is] here, [he is] convicted of crimes." Id.

Importantly, the district court emphasized that Tena-Arana's last conviction, which "resulted in a 24-month sentence, followed by three years of supervised release," id. at 60, "did nothing . . . to deter [Tena-Arana's] reentry into the United States," id. at 63. Thus, the district court stated that it did "not intend to impose a [within-]guideline sentence" corresponding to Tena-Arana's unadjusted offense level, id., believing that it would not be sufficient to (i) "promote respect for the law," (ii) "provide just punishment," (iii) "deter criminal conduct," and (iv) "protect the public," id. Therefore, Tena-Arana cannot show the district court's refusal to consider his appellate waiver affected his sentence, or that the district court would have determined that a lower, variant sentence would be adequate. See United States v. Warren, 737 F.3d 1278, 1286 (10th Cir. 2013) ("Warren cannot show that his rights have been substantially affected as required under prong three," and "nothing [in the record] suggests a different sentence would result.").

Because Tena-Arana fails at the plain error test's third prong, we need not and do not address the fourth prong.

**IV**

We AFFIRM the district court.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

*United States v. Tena-Arana*, No. 17-1345
**BACHARACH**, J., dissenting.

The majority concludes that Mr. Tena-Arana failed to preserve his appellate argument and that he cannot show plain error. I agree with the majority's analysis of the first two prongs of the plain-error standard, concluding that the district court committed an obvious error. But in my view, Mr. Tena-Arana preserved the issue through a motion for a downward variance in district court. As a result, I believe that we should engage in de novo review rather than confine our review to the plain-error standard. Under de novo review, I would reverse and remand for resentencing in light of the district court's error.

*Preservation.* To preserve an appellate argument, the Federal Rules of Criminal Procedure require that the appellant "inform[] the court—when the court ruling or order is made or sought—of the action the party wishes the court to take." Fed. R. Crim. P. 51(b). Mr. Tena-Arana satisfied this requirement by moving for a downward variance based on his appellate waiver. After the district court declined to grant a variance, Mr. Tena-Arana had no need to renew his objection. *See* Fed. R. Crim. P. 51(a) ("Exceptions to rulings or orders of the court are unnecessary."). To require a contemporaneous objection in this circumstance would simply require the defendant to repeat what he had already argued in his motion. *United States v. Lopez-Avila*, 665 F.3d 1216, 1217–18 (10th Cir. 2011); *see*

*also United States v. Gallant*, 537 F.3d 1202, 1243 n.27 (10th Cir. 2008) (stating that an appellant need not repeat an objection at sentencing after bringing the problem to the court's attention and making clear the action that is desired). Preservation does not require redundancy.

Notwithstanding compliance with the Federal Rules of Criminal Procedure, the government argues that Mr. Tena-Arana failed to preserve his challenge because he did not object after the court had announced the sentence. In most cases, a "contemporaneous objection to procedural errors" is required to preserve an argument for reversal. *United States v. Romero*, 491 F.3d 1173, 1177 (10th Cir. 2007). But as the majority explains, *United States v. Lopez-Avila*, 665 F.3d 1216 (10th Cir. 2011), created an exception. Maj. Op. at 7, 10. In my view, our case falls within this exception.

*Lopez-Avila* concerned a district court's categorical refusal to consider a ground for variance previously requested in a motion to vary downward. 665 F.3d at 1217–19. There the defendant moved for a downward variance based on sentencing disparities created by the availability of "fast-track" programs. *Id*. at 1217. The district court denied the motion, concluding that these disparities could not be considered as a basis to vary downward. *Id*. The defendant did not renew his objection after the district court had ruled; nonetheless, we considered the argument

2

preserved because it had been properly raised prior to sentencing and the district court had understood and addressed the argument. *Id*. at 1217–18.

The government contends that *Lopez-Avila* is distinguishable because there the defendant's motion for a variance expressly argued that the district court had the authority to consider the sentencing disparities created by fast-track programs. This interpretation of *Lopez-Avila* is questionable. The *Lopez-Avila* opinion does not reference the defendant's argument that the court had the power to vary downward. The opinion states only that the defendant had moved for a downward variance based on disparities in fast-track programs. *Id*. at 1217.

But even under the government's reading of *Lopez-Avila*, the issue was preserved here. In his motion for a downward variance, Mr. Tena-Arana argued that the court had the power to impose a variant sentence based on an appellate waiver.[1] In the course of making this argument, he contended that the appellate waiver was "an appropriate consideration" for a variance because the waiver would benefit the trial court, the appellate court, and the government. R. Vol. I, at 33. He concluded by stating that a variant sentence "based on an appellate waiver is a non-prohibited reason." *Id*. In this manner, Mr. Tena-Arana unambiguously informed the district

---

[1]    As the majority explains, Mr. Tena-Arana sometimes referred to his request as one for a variance and sometimes as one for a departure. Thus, some of Mr. Tena-Arana's arguments cite the departure section of the sentencing guidelines.

court of his argument that the district court could vary downward based on an appellate waiver.[2]

In seeking to distinguish *Lopez-Avila*, the majority cites *United States v. Wireman*, 849 F.3d 956 (10th Cir. 2017). There too the defendant unsuccessfully moved for a downward variance. *Wireman*, 849 F.3d at 961. But the appeal did not relate to the denial of a downward variance; instead, the defendant appealed the district court's failure to adequately explain the sentence. *Id.* at 958. On this challenge to the adequacy of the district court's explanation, we held that the appellate challenge was unpreserved because the defendant had failed to object at sentencing. *Id.* at 961–62.

*Wireman* involved a preservation issue different from ours. There the defendant needed to object after the district court had ruled because the error could not have been presented in the pre-sentence motion for a downward variance. *See United States v. Gantt*, 679 F.3d 1240, 1247 (10th Cir. 2012) (distinguishing *Lopez-Avila* because the defendant had never raised the issue in district court). Here the error could have been—and was—presented in the pre-sentence motion. Thus, the district court was

---

[2]     The majority points out that Mr. Tena-Arana's appellate argument is more detailed than it had been in district court. But the Federal Rules of Criminal Procedure do not require detail; the appellant need only bring the problem to the court's attention and make clear the action that is desired. *See United States v. Gallant*, 537 F.3d 1202, 1243 n.27 (10th Cir. 2008) (stating that the appellant had preserved the issue under Federal Rule of Criminal Procedure 51(b) even though the argument at sentencing had not been detailed).

4

aware of Mr. Tena-Arana's argument without its repetition at sentencing. *See United States v. Lopez-Avila*, 665 F.3d 1216, 1218 (10th Cir. 2011) (explaining that case law requiring an objection after sentencing "applies only to alleged procedural errors at sentencing that were not properly raised in the district court").

The majority also suggests that my interpretation of *Lopez-Avila* would create an intra-circuit conflict based on an inconsistency with *United States v. Romero*, 491 F.3d 1173 (10th Cir. 2007). Maj. Op. at 10. I respectfully disagree. In *Lopez-Avila*, the court distinguished *Romero*. *Lopez-Avila*, 665 F.3d at 1218–19. We should hesitate to find an intra-circuit conflict when the more recent opinion expressly distinguished the older opinion. *See United States v. Old Dominion Boat Club*, 630 F.3d 1039, 1045 (D.C. Cir. 2011) (stating that "courts must be careful when invoking [the principle that the earlier decision is binding when an intra-circuit conflict arises], lest [the courts] too readily discard a later precedent that distinguished . . . an earlier decision").

In *Lopez-Avila*, the court drew a reasonable distinction with *Romero*, recognizing a narrow exception to the general requirement of contemporaneous objections. This exception would apply only when the defendant has properly raised the issue prior to sentencing and the district court has understood and addressed the issue. *Id.* at 1217–18. This exception would not apply in cases like *Romero* or *Wireman*, where the

5

appellate challenge involved the explanation for the sentence. In these cases, the defendants could not have raised their arguments until after the district courts had explained the sentences.

But the *Lopez-Avila* exception squarely applies here, where the defendant moved for a downward variance and the district court categorically refused to consider a variance based on an understanding that no such authority existed. Under the *Lopez-Avila* exception, Mr. Tena-Arana's appellate argument is considered preserved.

*Harmlessness.* As a result, I would engage in de novo review. *Id.* at 1218. The majority concludes that even under de novo review, we should treat the district court's error as harmless. Maj. Op. at 13 n.7. I respectfully disagree because the government did not raise harmlessness.

We can consider harmlessness sua sponte in limited circumstances. *United States v. Holly*, 488 F.3d 1298, 1307–08 (10th Cir. 2007). In deciding whether to use our discretion to address harmlessness, we consider three factors:

1. "'the length and complexity of the record,'"

2. "'whether the harmlessness of the errors is certain or debatable,'" and

3. "'whether a reversal would result in protracted, costly, and futile proceedings in the district court.'"

*Id.* at 1308 (quoting *United States v. Samaniego*, 187 F.3d 1222, 1225 (10th Cir. 1999)). The first factor supports sua sponte consideration of

6

harmlessness, but the second and third factors weigh against sua sponte consideration.

The first factor supports sua sponte consideration. Because the sentencing transcript is short and straightforward, our harmlessness inquiry would not entail deep immersion into a lengthy, complex transcript.

But the second factor cuts strongly against sua sponte consideration of harmlessness. "[W]e generally undertake harmless error analysis *sua sponte* only if the harmlessness of the error is certain." *United States v. Little*, 829 F.3d 1177, 1183 n.4 (10th Cir. 2016). In my view, we lack the necessary certainty on the effect of the district court's error.

At sentencing, the district court refused to consider the appellate waiver and calculated the guideline range as 18 to 24 months' imprisonment. The district court explained that 24 months' imprisonment was an insufficient deterrent. To create a more effective deterrent, the court decided to vary upward by 6 months, which resulted in a 30-month sentence.

But what if the district court had considered *both* the appellate waiver and the need to vary upward to create an effective deterrent? *See United States v. Harotunian*, 920 F.2d 1040, 1043 (1st Cir. 1990) (stating that the circumstances for a departure "may well pull in opposite directions"). In considering both, the court might have given greater weight to the parties' positions on the cumulative impact. In considering

7

the parties' positions, the district court might reasonably have looked to the plea agreement, where the government stated that it

- did not object to a downward variance of one level based on the appellate waiver and

- recommended a sentence within the guideline range after incorporation of a one-level downward variance.

Taking the downward variance into account, the government effectively recommended a sentence no higher than 21 months. Starting from that point, an upward variance of six months would have resulted in a sentence of 27 months. The court said that 24 months was not enough to deter Mr. Tena-Arana, but the court might have considered 27 months enough of a deterrent. Thus, even with an upward variance of six months to create an effective deterrent, the ultimate sentence might have been less than 30 months if the district court had not categorically refused to consider the appellate waiver.

The third factor also weighs against sua sponte consideration of harmlessness because the remand would require little of the district court.[3] The court would only have to refresh itself on the short sentencing transcript and determine how much, if any, the 30-month sentence should be reduced based on the appellate waiver. In these circumstances, reversal

---

[3] This court has questioned the relevance of the third factor. *See United States v. Holly*, 488 F.3d 1298, 1308 n.8 (10th Cir. 2007). But even without this factor, sua sponte consideration of harmlessness would be inappropriate based on uncertainty over what sentence the district court would have imposed without the error.

8

would not result in substantial cost or time. Though the remand might ultimately prove futile, the only person who knows whether that is the case is the sentencing judge. As a result, I would remand for resentencing rather than sua sponte consider the harmlessness of the district court's error.

*Conclusion*. As explained by the majority, the district court erred in determining that it could not vary downward based on Mr. Tena-Arana's appellate waiver. Thus, I would reverse the sentence and remand for resentencing. Because the majority affirms the sentence, I respectfully dissent.